# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>JAMES PAUL JOHNSON and )<br>INTERSTATE HELICOPTER, INC., )<br>)<br>Defendants. ) | No. M-18-550-P-2 |

## PLEA AGREEMENT

### Introduction

1. This document, in conjunction with a Supplement filed contemporaneously under seal, contains the entire plea agreement between defendant, Interstate Helicopters, Inc., and the United States through its undersigned attorney. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this agreement is hereby rejected by the United States. This agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This agreement binds only the United States Attorney's Office of the Western District of Oklahoma and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. If defendant does not accept the terms of this agreement by September 28, 2018, the offer is withdrawn.

JJ

## Guilty Plea

2. Defendant James Paul Johnson agrees to enter a plea of guilty to Count 1 of an information charging a violation of intentionally failing to make a report, in violation of Title 49, United States Code, Section 46310(a), a misdemeanor infraction, the maximum penalty for which is found in Title 18, United States Code, Section 3571(b)(7) and (c)(7). Defendant Interstate Helicopters, Inc. agrees to enter a plea of guilty to Counts 1 through 5 of an information charging violations of intentionally failing to make a report, in violation of Title 49, United States Code, Section 46310(a), a misdemeanor infraction, the maximum penalty for which is found in Title 18, United States Code, Section 3571(b)(7) and (c)(7). To be found guilty of violating Title 49, United States Code, Section 46310(a), as charged in the information, defendants must admit that: (1) they are an air carrier or an officer, agent, or employee of an air carrier and (2) they intentionally failed to make a report or keep a record required under Part A of Subtitle VII of Title 49 of the United States Code.

## Maximum Penalty, Restitution and Special Assessments

3. The maximum penalty that could be imposed as a result of this plea is a fine of $5,000.00 for Johnson, $10,000 for Interstate Helicopter, Inc. or a fine of twice the gross loss or gain from the offense per count as well as a mandatory special assessment of $5.00 for Johnson and $25.00 for Interstate Helicopters, Inc.

In addition to the punishment described above, a plea of guilty can affect immigration status. If defendant is not a citizen of the United States, a guilty plea may

2

result in deportation and removal from the United States, may prevent him from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization.

4. In addition, the Court must order the payment of restitution to any victim(s) of the offense. Pursuant to 18 U.S.C. § 3663(a)(3) and 3663A, the parties further agree that, as part of the sentence resulting from defendant's plea, the Court will enter an order of restitution to all victims of defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines.

5. Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing.

6. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

### Sentencing Guidelines

7. The parties enter this agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The parties agree that a sentence of a $5,000 fine as to Johnson and a $45,000 fine as to Interstate Helicopter, Inc., is the appropriate disposition of this case. The parties understand that the Court may accept or reject this Rule 11(c)(1)(C) plea or may defer its decision as to acceptance or rejection until it has had an opportunity to consider the presentence investigation report, as provided in Rule 11(c)(3)(A). If the defendant Johnson does not receive a sentence of a $5,000 fine and Interstate

Helicopters, Inc., does not receive a sentence of a $45,000 fine, the defendant or the government can declare this agreement null and void.

The parties acknowledge that 18 U.S.C. § 3553(a) directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the information known to the parties on the date this agreement is executed, they expect to take, but are not limited to, the following positions at sentencing: The parties agree that violations of 49 U.S.C. § 46310(a) constitute misdemeanor infractions under 18 U.S.C. § 3559(a)(9) and that the maximum penalty for a violation of 18 U.S.C. § 46310(a) is found in 18 U.S.C. § 3571(b)(7) and (c)(7). The parties waive any right to the preparation of a presentence investigation report. Defendants have the ability to pay the fines specified in paragraph 7. To the extent it is necessary for the Court to consider, the parties agree that the most analogous offense addressed in the United States Sentencing Guidelines is a violation of 49 U.S.C. § 46317(a) and that therefore the applicable guideline range is U.S.S.G. § 2B1.1. The parties agree that under § 2B1.1(a)(2) a base offense level of 6 applies. The parties agree that the loss amount from the offenses in the information and relevant conduct exceeds $15,000. The parties agree to recommend that a total offense level of 10 applies to this case. The parties agree to recommend that for purposes of U.S.S.G. § 5E1.2, the guideline fine applicable to Johnson is between $4,000 and $40,000.

The parties agree to recommend that for purposes of U.S.S.G. § 3D1.4, that counts 1 through 5 of the information should be grouped and count as a single unit. The parties agree to recommend that for purposes of U.S.S.G. § 8C2.4(d), a base fine amount of $35,000 applies and that for purposes of U.S.S.G. § 8C2.5, a culpability score of 5 applies.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

Upon defendants' signing of this plea agreement, the United States intends to end its investigation of the allegations in the information as to defendants, except insofar as required to prepare for further hearings in this case, including but not limited to sentencing, and to prosecute others, if any, involved in defendants' conduct. The United States agrees to end any investigation directed specifically at the foregoing stipulations, agreements, or recommendations as to defendants. However, subject to the terms and conditions of this plea agreement (particularly the Plea Supplement), the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of its investigation subsequent to the signing of this agreement or arises from sources independent of the United States, including the U.S. Probation Office.

### Waiver of Right to Appeal and Bring Collateral Challenge

8. Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining its sentence. Defendant further understands that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 give it the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, and in exchange for the promises and concessions made by the United States in this plea agreement, defendant knowingly and voluntarily waives the following rights:

    a. Defendant waives its right to appeal the guilty plea, and any other aspect of the conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

    b. If the defendant receives a sentence specified in paragraph 7, he waives the right to appeal the sentence, including any restitution, and the manner in which the sentence is determined;

    c. Defendant waives its right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) the conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.

9. If the defendants receive the sentence specified in paragraph 7, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined.

### Waiver of Claim to Prevailing Party Status

10. Defendant expressly acknowledges that it is not a "prevailing parties" within the meaning of 18 U.S.C. § 3006A with respect to the counts of conviction or any other count or charge that may be dismissed pursuant to this agreement. If defendant is represented by retained counsel, it voluntarily, knowingly, and intelligently waives any rights it may have to seek reasonable attorney's fees and other litigation expenses under 18 U.S.C. § 3006A.

### Waiver of FOIA and Privacy Act Rights

11. Defendant waives all rights, whether asserted directly or by a representative, to request of or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including but not limited to records that defendant may seek under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

### Obligations of Defendant

12. Defendants shall commit no further crimes. It is understood that should defendants commit any further crimes or should it be determined that they have knowingly given false, incomplete, or misleading testimony or information, or should they otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendants for any and all their federal criminal violations, including perjury and obstruction of justice. Any prosecution within the scope of this investigation that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be brought against defendant, notwithstanding

7

the expiration of the statute of limitations between the signing of this agreement and the commencement of that prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

13. The parties also recognize that if the Court determines defendant has violated any provision of this agreement or authorizes defendant to withdraw from the knowing and voluntary guilty plea entered pursuant to this agreement: (a) all written or oral statements made by defendant to the Court or to federal or other designated law enforcement agents, any testimony given by defendant before a grand jury or other tribunal, whether before or after the signing of this agreement, and any leads from those statements or testimony, shall be admissible in evidence in any criminal proceeding brought against defendants; and (b) defendant shall assert no claim under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule or law that those statements or any leads from those statements should be suppressed. Defendant knowingly and voluntarily waives the rights described in this paragraph as of the time he signs this agreement.

### The Obligations of the United States

14. If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, it will not be further prosecuted by the United States Attorney's Office for the Western District of Oklahoma for any crimes related to his participation in the provision of on-demand charter flights during the period from

8

September 19, 2013, through September 18, 2018. This agreement does not provide any protection against prosecution for any crime not specifically described above.

15. The United States reserves the right to inform the Probation Office and the Court of the nature and extent of defendants' activities with respect to this case and all other activities of defendants which the United States deems relevant to sentencing.

### Signatures

16. By signing this agreement, defendant acknowledges that it has discussed its terms with its attorney and understands and accept those terms. Further, defendant acknowledges that this document, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the agreement concerning his plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this ____ day of _____, 2018.

**APPROVED:**

_(signature)_
TRAVIS SMITH
Deputy Chief, Criminal Division

ROBERT J. TROESTER
First Assistant U.S. Attorney

_(signature)_
WILLIAM E. FARRIOR
Assistant U.S. Attorney
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8754 (Office)
(405) 553-8888 (Fax)



_____
JAMES PAUL JOHNSON representative for
INTERSTATE HELICOPTERS INC.

_____
ROBERT WYATT
Attorney for Defendant